STATE EX REL. SHAWANO COUNTY, Appellant, vs. SEXTON, Town Clerk, Respondent.

*December 13, 1904.—March 14, 1905.*

*Highways: Town-line road: Repair of bridge by county: Liability of town.*

1. A road which had become a public highway by user and working was situated as near the town line as the nature of the ground would permit and, together with a bridge thereon, had been kept in repair by the adjacent towns jointly for a number of years. In a proceeding to compel one of the towns to collect by tax a portion of the expense incurred by the county in rebuilding such bridge, allegations of the above facts are *held* sufficient to show that the repair and maintenance of the bridge devolved upon said towns, without an allegation that the requisite steps were taken under secs. 1272, 1273, Stats. 1898, to lay out the highway as a town-line road.

2. To give a county jurisdiction, under sec. 1319, Stats. 1898, to aid towns in the repair and construction of bridges, the conditions prescribed by that section must be fulfilled by the towns; and where two towns are jointly liable for the maintenance of a bridge, *it seems* that their concurrent action is necessary to give the county jurisdiction.

3. Sec. 1311, Stats. 1898, authorizing counties to repair state or county roads under certain circumstances, has no application to other roads.

4. In order that a county may charge a town, under sec. 1338, Stats. 1898, with the cost of repairing a bridge, there must be a compliance with the essential requirements of that section; and in a *mandamus* proceeding to compel the town to insert the claim in the tax roll the petition of the county should show what the decision was from which an appeal was taken by the freeholders; what steps were taken to perfect the appeal; that the committee of the county board made the required examination and determination as to repairs; that the chairman of the board caused the repairs to be made; and, where two towns were chargeable with the cost of the repairs under sec. 1273, Stats. 1898, that such cost had been apportioned between them as provided in that section.

APPEAL from an order and a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is an action, brought on behalf of the county of *Shaw-ano,* to compel the town clerk of the town of Waukechon to insert in the town tax roll a portion of the cost of rebuilding a bridge over the Wolf river, on an alleged town-line road between the towns of Belle Plaine and Waukechon in the county of *Shawano.* It is alleged and stated that for a period of nearly fifty years there has existed a public highway on the range line between section 1 of the town of Belle Plaine and section 6 of the town of Waukechon, and that for many years a bridge has existed across the Wolf river, either at the point where the range line intersects the river, or at a point about forty rods northwest of this place. It is further alleged that the first bridge constructed over the river was at the place where the present bridge is situated, and that after its de-struction another was built on the range line; that this one existed for about eight years, until its destruction about 1870; that the present bridge was built at the narrow point of the river about forty rods northwest from the point where the former bridge on the range line was situated; that the bridge is a part of the town-line road, situated as near the town line as the nature of the ground will permit; that it was main-tained by the towns jointly until, as alleged, the county board of *Shawano* county adopted this road, including the bridge, as a county road. The road and bridge were maintained by the county of *Shawano* until 1892, when the county board of su-pervisors passed resolutions declaring that the road and bridge should revert to the towns. By the terms of these resolutions the road and the bridges thereon in each town were to revert to the control of the respective towns. Notice of this action was given to the respective towns. The county of *Shawano* has neither appropriated money for nor repaired this highway since this action was taken. On June 14, 1899, the county board of supervisors adopted another resolution, which, in terms, declared that all county roads then existing should re-vert to the towns and villages in which they lay.

From the year 1892 to the year 1900 the road in question was kept in repair by the towns of Belle Plaine and Wauke-chon jointly. It is alleged that in the year 1900 this bridge was out of repair and dangerous to travel, which necessitated its being closed up as a part of the public highway. It is further averred that the town authorities of the town of Wauke-chon refused to have anything to do with the rebuilding and repair of the bridge, by refusing and neglecting to call a special meeting of the town, on the petition of twelve resident freeholders of the town, for the purpose of raising money to rebuild it; that the electors of the town at the annual town meeting took no steps toward repairing the bridge; and that the town authorities of Belle Plaine also refused to rebuild or repair the bridge unless the town of Waukechon pay part of the cost.

A further averment is that an appeal was taken from the refusal of the towns to aid in the repairing of the bridge to the county board, by fifteen freeholders, by serving notice on the chairmen of the towns. It is also stated that a written notice was served by six freeholders of the county, giving notice of the neglect of the towns to keep the bridge in a proper state of repair, and that the county clerk thereupon duly notified the town chairmen of the two towns to repair the bridge within thirty days from May 30, 1901, and that, upon their neglect to repair within thirty days, the repairs would be made by the county and the expense thereof would be charged to the towns; that a committee of three of the county board was appointed to examine the bridge and determine the need of repairing or rebuilding; and that it was found that the bridge should be rebuilt.

It is also alleged that the town of Belle Plaine petitioned the county for aid in the rebuilding of the bridge, and took immediate steps to raise money to pay its part (one fourth) of the cost; that the town of Waukechon neglected and refused to raise any money or to do anything towards the re-

building or repairing of the bridge; that the chairman of the county board and a committee thereof, in conjunction with the town officers of the town of Belle Plaine, rebuilt the bridge; that the county of *Shawano* paid one half of the cost and the town of Belle Plaine one quarter of the cost; that the other quarter of the cost, which amounted to $1,353.33, was charged by the county to the town of Waukechon, with directions to insert this amount in the tax roll for the year 1902; that the town clerk of Waukechon refused and neglected to insert this sum of $1,353.33 in the town tax roll; that at the next meeting of the county board a penalty of twenty-five per cent. was added to this amount, and the county clerk was instructed to certify this amount to the town clerk to be inserted in the tax roll for the year 1903; that the town clerk again refused and neglected to insert the amount in the tax roll of the town; and that the amount so certified to the town clerk, with the tax raised by the town, does not exceed the statutory or constitutional limitation.

This action is brought to compel the clerk of the town of Waukechon to insert this amount in the tax roll of the town. The defendant's demurrer to the petition was sustained, and judgment was entered dismissing the petition and the alternative writ of *mandamus*. This is an appeal from the order and judgment of the court sustaining such demurrer and dismissing the petition and alternative writ of *mandamus*.

*F. A. Eberlein,* attorney, and *M. G. Eberlein,* of counsel, for the appellant.

For the respondent there was a brief by *Wigman, Martin & Martin,* and oral argument by *P. H. Martin.*

The following opinion was filed January 10, 1905:

SIEBECKER, J.   The defendant demurred to the petition upon several grounds, but submitted argument on the general demurrer only, suggesting that it is desired to test the sufficiency of the grounds upon which relief is sought by assum-

ing that it is the duty either of the town of Belle Plaine alone, or of the towns of Belle Plaine and Waukechon jointly, to keep this bridge in the proper state of repair for public travel. We shall therefore confine ourselves to the sole question, Does the petition, under such assumption, allege facts sufficient to constitute a cause of action for the relief demanded?

The contention is made that it is not shown that the road in question is a town-line road. True, there is no allegation that the requisite steps under secs. 1272, 1273, Stats. 1898, were taken to lay out this highway as a town-line road. It is, however, alleged that the highway has by user and working become a public highway, and that it is situated as near the town line as the nature of the ground will permit, thus giving it the location of a town-line road. Under the provision of sec. 1273 which declares that any bridge on such highway which "has not been assigned to either of the adjacent towns, shall be repaired and maintained by such towns and the cost of repairs and maintenance shall be paid by them in proportion to the valuation of the property therein as equalized by the county board or boards at the last equalization," it devolved upon the adjoining towns to repair and maintain the bridge. It is also alleged that the towns kept this road in repair jointly from 1892 to 1900. Under these circumstances the allegation must be held sufficient to charge, if the road reverted under the resolution of the county board (which question we do not decide), that the repair and maintenance of this bridge devolved upon these towns.

The town of Waukechon asserts that, if the duty to repair and maintain this bridge jointly with the town of Belle Plaine fell upon it, no grounds are alleged rendering it liable for the amount charged against it by the county. The petition states that the town of Belle Plaine asked to have the bridge built by county aid, as provided by sec. 1319, Stats. 1898, but this proceeding wholly failed, for none of the necessary conditions prescribed by this section to give the county

jurisdiction to extend aid to towns in the repair and construction of bridges were fulfilled by the towns; nor is any way suggested by which this object could be accomplished without the concurrent action of the two towns liable for its maintenance.

The authority conferred upon counties to repair certain roads, under sec. 1311, Stats. 1898, is also claimed to support the claim. This section clearly cannot be relied upon, for by it counties are given authority, upon certain conditions, to open and repair state and county roads in cases where towns, cities, or villages neglect or refuse to open or repair them as required by law. It is not shown, nor does relator, the county, or the defendant in this action claim, that this is a state or county road, to be kept in repair by the towns through which it passes; hence no grounds exist for recovery under the provisions of this section.

The only statutory provision under which the county can assert any right to the relief demanded is sec. 1338, which provides, in effect, that if any town, either by its proper officers or a majority vote of its electors voting on such question, shall refuse to repair any public highway or bridge in such town, any fifteen freeholders may appeal from such decision to the county board, and thereupon the county board shall examine such highway or bridge, and, if they shall determine that it ought to be repaired, the chairman of the county board shall cause it to be repaired, and keep an accurate account of the expense thereof, which, when audited and allowed by the county, shall be charged to such town and added to the next county tax apportioned thereto and collected therewith. The petition is fatally wanting in several respects to meet the conditions of this statute as the basis for the county's claim. It does not appear that any action or vote was ever taken by the town officers or its electors at a town meeting in reference to repairing or rebuilding this bridge; and, again, it is not alleged from what decisions, if any, an appeal was taken, nor

what steps were actually taken to perfect such an appeal. While it is alleged that the county board appointed a committee of three of its members to examine the bridge for the purpose of determining whether it needed repairs, it does not appear that this committee made the required examination and determination that the bridge ought to be repaired. Another condition of the statute is that, if repairs are decided to be undertaken by the county, the chairman of the county board shall cause them to be made, and shall keep an accurate account of the expense thereof, which shall be audited by the county board; while the petition states that the rebuilding of the bridge was in charge of, and carried out conjointly by, the chairman of the county board, its committee, and the town board of the town of Belle Plaine. This is clearly no compliance with the essential requirements of this statute. Nor is it anywhere alleged that the amount sought to be collected as expense for restoring this bridge from the town of Waukechon is apportioned between it and the town of Belle Plaine in proportion to the valuation of the property in these towns, as equalized by the county board at its last equalization. The failure to comply with all of these statutory requirements and provisions in attempting to charge the town of Waukechon with a portion of the cost of restoring this bridge is fatal to this action.

We are of the opinion that the trial court ruled correctly in holding that *Shawano* county had no jurisdiction to levy the tax in question, and that the judgment dismissing the petition and the alternative writ of *mandamus* was properly awarded, with costs. .

*By the Court.*—The order and judgment are affirmed.

A motion for a rehearing was denied March 14, 1905.

KERWIN, J., took no part.